IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JESUS CANALES<br>Plaintiff<br><br>V.<br><br>ALLSTATE TEXAS LLOYD'S<br>Defendant | § § § § § § § § § § § § § | CASE NUMBER 5:15-cv-213<br>JURY |

### DEFENDANT ALLSTATE TEXAS LLOYDS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)

PLEASE TAKE NOTICE that Defendant, ALLSTATE TEXAS LLOYD'S, hereby files this Notice of Removal to remove to this Court the state court action described below:

#### BACKGROUND

1. Plaintiff is JESUS CANALES, a citizen of Texas residing in Webb County, Texas.[1]

2. Defendant, ALLSTATE TEXAS LLOYD'S, has citizenship in Illinois and New Jersey. ALLSTATE TEXAS LLOYD'S is an association of underwriters of insurance policies whose individual underwriters are residents and citizens of Illinois and New Jersey.[2] Defendant ALLSTATE TEXAS LLOYD'S is therefore a non-Texas entity organized and existing under the laws of the State of Illinois and New Jersey.

3. On or about July 29, 2015, the state action was filed in the 49th Judicial District Court, Webb County, Texas under Cause No. 2015-CVF-002576 D1; *JESUS CANALES v.*

---

[1] See Plaintiff's Original Petition, attached as Exhibit A.
[2] See Affidavit of Lissette S. Willemsen, attached as Exhibit B.

*ALLSTATE TEXAS LLOYD'S*.[3] Defendant files this Notice of Removal within thirty days of Defendant's receipt of Plaintiff's initial pleading, Plaintiff's Original Petition, as required by 28 U.S.C. § 1446 (b). Defendant was served with process through its registered agent on August 24, 2015.[4]

4. Plaintiff's Original Petition, states that he seeks damages between $200,000 and $1,000,000.[5] Therefore Plaintiff's pleading demonstrates that Plaintiff is seeking damages in excess of $75,000.00 as required for this court to have jurisdiction.

5. Defendant has attached the required state court documents pursuant to 28 U.S.C. § 1446 (a).[6]

6. As for venue, venue is proper in this District, the Southern District of Texas, Laredo Division, under 28 U.S.C. § 1441 (a) and 28 U.S.C. § 1446 (a) because this District and Division embrace the place where the removed action has been pending.

7. Defendant will promptly file a copy of this Notice of Removal with the Clerk of the state court where the action has been pending. Plaintiff and Defendant each made a demand for trial by jury in the state court action.

8. There is no other named Defendant in this action. Therefore consent to removal from any other defendant is not applicable in this proceeding.

### BASIS FOR REMOVAL

9. The Federal Court's basic diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs,

---

[3] See Plaintiff's Original Petition, attached as Exhibit A.
[4] See Allstate Texas Lloyds' Service of Process Transmittal, attached as Exhibit C.
[5] See Plaintiff's Original Petition, attached as Exhibit A.
[6] State Court Documents, attached as Exhibit D.

and is between ... citizens of different States."[7] As set forth, this Court has original jurisdiction over this civil action pursuant 28 U.S.C. § 1332 and the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a) because:

    a.    it is a civil action between a citizen of a State (Texas) and citizens of a different State (Illinois and New Jersey); and

    b.    it is a civil action wherein the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.[8]

**A.    Diversity of Citizenship**

10.    A civil case filed in state court may be removed by the defendant to Federal Court if the case could have been brought originally in Federal Court.[9] Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.[10] Defendant was informed and believes that Plaintiff was at the time of filing this lawsuit, and still is, a citizen of the State of Texas. Defendant, ALLSTATE TEXAS LLOYD'S, has citizenship in Illinois and New Jersey. Therefore, there is complete diversity of citizenship between Plaintiff and Defendant.

11.    ALLSTATE TEXAS LLOYD'S is not a conventional corporate entity when considering citizenship for diversity purposes. The Fifth Circuit, in *Royal Insurance Company of America v. Quinn-L Capital Corporation*,[11] detailed the formation, structure, and how to determine diversity of "Lloyd's plans," which are unincorporated associations of underwriters of insurance policies:

---

[7] 28 U.S.C. § 1332(a)(1); *see e.g., Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000).
[8] See Plaintiff's Original Petition, attached as Exhibit A.
[9] 28 U.S.C. § 1332(a).
[10] 28 U.S.C. § 1332; *see e.g., Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996) (abrogated on other ground by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1076 (11th Cir. 2000) (overruling *Tapscott* on the issue of calculating the amount in controversy in class action suits).
[11] 3 F.3d 877 (5th Cir. 1993).

> For purposes of ascertaining whether the federal courts have diversity jurisdiction, an unincorporated association is considered to have the citizenship of its members. . . . A Lloyd's plan insurer consists of a group of underwriters who join together to issue insurance through an attorney in fact or other representative. . . . . Under the Lloyd's plan, the insured typically obtains insurance from one or more members of the Lloyd's group; each member accepts responsibility for a portion of the risk, and liability among the members is several but not joint.
>
> . . . .
>
> The Lloyd's group underwriters appoint an attorney in fact to as for them under a power of attorney.
>
> . . . .
>
> Because attorneys in fact are not members of Lloyd's plan insurance associations, we look only to the citizenship of the underwriters to determine whether diversity jurisdiction exists.[12]

Since ALLSTATE TEXAS LLOYD'S is a Lloyd's plan as described above, and all of the underwriters are citizens of Illinois and New Jersey, ALLSTATE TEXAS LLOYD'S is not a Texas citizen and complete diversity exists between Plaintiff and Defendant.

### B. Amount in Controversy

12. Removal is proper when there is complete diversity of citizenship between the true parties to the lawsuit and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest.[13]

14. In *De Aguilar v. Boeing Co.*,[14] the United States Fifth Circuit Court of Appeals held that when a defendant removes such a case, the defendant then has the burden to prove that the amount in controversy exceeds the jurisdictional amount.[15] The *De Aguilar* Court went on to

---

[12] *Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882–83 (5th Cir. 1993) (all internal citations omitted); *see also Almeida v. Allstate Texas Lloyds*, No. Civ.A. B-05-202, 2005 WL 3348907 (S.D. Tex. Dec. 8, 2005) ("A Lloyd's plan insurer consists of a group of underwriters who join together to issue insurance through an attorney in fact. Only underwriters are members of the organization. Therefore, the court only examines the citizenship of the underwriters to determine the citizenship of a Lloyd's group.") (citing *Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993)).
[13] 28 U.S.C. § 1332(a).
[14] 47 F.3d 1404 (5th Cir.1995).
[15] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir.1995).

hold that to remand to state court, the plaintiff must establish as a matter of law that, if successful, it would not be able to recover more than the jurisdictional amount.[16]

15. In determining whether the amount in controversy exceeds $75,000.00, courts must consider the full litany of damages that a plaintiff is seeking, including statutory and punitive damages.[17] Specifically, the court must consider penalties, statutory damages, and punitive damages in calculating the amount in controversy.[18]

16. As applied here, Defendant can meet its burden to prove that the amount in controversy in this case exceeds the federal jurisdictional requirement of $75,000.00 based on the language of Plaintiff's Original Petition.[19] As discussed above, Plaintiff's petition stated he seeks an award of damages between $200,000.00 and $1,000,000.00.[20] Therefore, on Plaintiff's initial pleading, the evidence is sufficient for Defendant to meet its burden to prove that the amount in controversy exceeds the removal requirement of $75,000.00.

## CONCLUSION

17. Based on diversity of citizenship and satisfaction of the amount in controversy requirement, removal to Federal Court is proper.[21] Plaintiff is a citizen of the State of Texas. Defendant is not a citizen of the State of Texas, nor incorporated or associated under the laws of Texas. Diversity of citizenship is clear from the pleadings and evidence.

---

[16] *Id.*
[17] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253–55 (5th Cir. 1998).
[18] *Id.*
[19] See Plaintiff's Original Petition, attached as Exhibit A.
[20] See Plaintiff's Original Petition, attached as Exhibit A.
[21] 28 U.S.C. § 1332(a); *Darden*, 200 F.3d at 755.

WHEREFORE PREMISES CONSIDERED, based on the Petition, evidence and the diverse citizenships of the proper parties, this Court therefore has original jurisdiction of this action under 28 U.S.C. § 1332 and removal of the action to this Court is proper under 28 U.S.C. § 1441(a).

Respectfully submitted,

GOLDMAN & ASSOCIATES, PLLC
Airport Center
10100 Reunion Place, Suite 800
San Antonio, Texas 78216
Telephone:   (210) 340-9800
Telecopier:   (210) 340-9888

BY: _____
LARRY J. GOLDMAN
"Attorney in Charge"
Federal Bar No. 341
State Bar No. 08093450
SARAH R. MINTER
"Of Counsel"
Southern District of Texas
Federal ID No. 2311192
Texas State Bar No. 24077688

ATTORNEYS FOR DEFENDANT,
ALLSTATE TEXAS LLOYD'S

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this 23rd day of September, 2015.

*Via Certified Mail, Return Receipt Requested*
*7014 3490 0000 4620 1777*
Ms. Brittené V. Wilson
THE VOSS LAW FIRM, P.C.
26619 Interstate 45 South
The Woodlands, Texas 77380

LARRY J. GOLDMAN
SARAH R. MINTER

## **VERIFICATION**

STATE OF TEXAS          §
                        §
COUNTY OF BEXAR         §

BEFORE ME, the undersigned Notary Public, on this day personally appeared LARRY J. GOLDMAN, who being by me duly sworn upon his oath, deposed and stated that he is the attorney of record for ALLSTATE TEXAS LLOYD'S, Defendant in the above-entitled and numbered cause; that he has read the above NOTICE OF REMOVAL, and that the allegations contained therein are within his personal knowledge and are true and correct.

_____
LARRY J. GOLDMAN, Affiant

SUBSCRIBED AND SWORN TO BEFORE ME, on this the 23rd day of September, 2015, to certify which witness my hand and official seal.

[Notary Seal: CATHY TOMSETT, Notary Public, State of Texas, My Commission Expires October 21, 2017]

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS